UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAVAMEDINNI,<br><br>            Plaintiff,<br>v.<br><br>AEG FACILITIES, LLC, *et al.*,<br><br>            Defendants. | Civil No. 11-CV-0568-DMS (WVG)<br><br>AMENDED<br>CASE MANAGEMENT CONFERENCE<br>ORDER REGULATING DISCOVERY<br>AND OTHER PRETRIAL PROCEEDINGS<br>    (Fed. R. Civ. P. 16)<br>    (Local Rule 16.1)<br>    (Fed. R. Civ. P. 26) |

Due to a conflict with the Court's calendar, the Mandatory Settlement Conference set for September 12, 2012, at 9:00 a.m. is hereby vacated. (Doc. No. 16 at 3.) The Mandatory Settlement Conference shall now be conducted on **September 18, 2012**, at **9:00 a.m.** before Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **September 11, 2012**. No other dates have been changed.

1.    On or before August 17, 2012, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before August 31, 2012, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties <u>no later than</u> <u>October 1, 2012</u>, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before <u>October 22, 2012</u>.

4. <u>All</u> discovery pertaining to facts shall be completed on or before <u>July 20, 2012</u>. <u>All</u> discovery pertaining to expert witnesses shall be completed on or before <u>November 12, 2012</u>.

*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

5. All motions, other than motions to amend or join parties, or motions in limine, **shall be filed** on or before <u>November 28, 2012</u>.[1]

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion**

---

[1] Counsel should note that while historically motion cut-off deadlines issued by this Court were deadlines for motion hearings, the motion cut-off dates now being issued establish deadlines for the parties to file motions.

**date and the hearing date may be up to six weeks. Please plan accordingly**. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

6. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave.

7. A Mandatory Settlement Conference shall be conducted on **September 18, 2012**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **September 11, 2012**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel. Settlement conference briefs shall comply with the undersigned's Chambers Rules.**

8. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one week

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

9. Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before February 1, 2013.

10. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P.  26(a)(3) on or before February 1, 2013.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

11. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before February 8, 2013.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P.  26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before February 15, 2013, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

13. The final pretrial conference shall be held before the Honorable Dana M. Sabraw, United States District Court Judge, on February 22, 2013**,** at 10:30 a.m..

14. The trial in this matter shall commence on March 25, 2013 at 9:00 a.m.

15. The dates and times set forth herein will not be further modified except for good cause shown.

16. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

DATED: May 31, 2012

Hon. William V. Gallo
U.S. Magistrate Judge